# School District of Harrisburg v. Maryland Casualty Company

*Earl V. Compton,* for plaintiff; *Braddock & Sohn,* for defendant.

WICKERSHAM, J., April 30, 1934.—It appears from the plaintiff's statement of claim that the School District of the City of Harrisburg, a municipal corporation of the Commonwealth of Pennsylvania, claims from the defendant, Maryland Casualty Company, a corporation duly incorporated and now existing under and by virtue of the laws of the State of Maryland, the sum of $40,000 upon an action of which the following is, briefly, a statement.

The defendant, on or about August 3, 1932, by an instrument in writing, did become surety for Union Trust Company of Pennsylvania, principal, to the plaintiff, in the sum of $40,000. The condition of the bond, a copy of which is attached to plaintiff's statement, is, inter alia, as follows:

". . . That Union Trust Company of Pennsylvania, Harrisburg, Pa., . . . as principal, and Maryland Casualty Company . . . as surety, are held and firmly bound unto Harrisburg School District, Harrisburg, Pa., . . . in the sum of $40,000 for the payment whereof said principal and said surety bind themselves and their successors and assigns, jointly and severally, firmly by these presents:

"Whereas, the said principal has been designated as a depository of funds of the above obligee.

"Now therefore the condition of this obligation is such, That if the principal shall, during the term commencing at 9 o'clock a. m. on August 5, 1932, and ending with the close of banking hours on August 4, 1933, faithfully account for and pay over on legal demand (made during the term aforesaid) all moneys deposited with said principal by or on behalf of the said obligee, then this obligation to be null and void, otherwise to remain in full force and virtue in law."

The bond further provides for notice of default and other provisions not necessary to quote herein. There is nothing in the record to show that the surety

served any notice of its right to terminate its agreement with the obligee. The bond contains the following rider:

"In calculating liability upon this bond, securities pledged by virtue of an agreement dated July 23, 1932, by Union Trust Company of Pennsylvania, depository, Commonwealth Trust Company, trustee, and the School District of the City of Harrisburg, or any similar agreement, shall be first applied in the discharge of the bond dated July 23, 1932, upon which Andrew S. Patterson is surety, or any similar bond accompanying any such similar bonds or agreements, and thereafter for the purpose of determining liability hereunder, the obligation of the said Andrew S. Patterson or such similar obligation or obligations shall not be taken into consideration."

It is further alleged in plaintiff's statement:

". . . plaintiff did make deposit of money in the said Union Trust Company of Pennsylvania as school depository, and in the name of the school district, and had on deposit with said depository on March 16, 1933, the sum of . . . $214,-608.96"; that on March 14, 1933, checks drawn on this deposit issued by the School District of the City of Harrisburg, and properly signed, were presented to Union Trust Company of Pennsylvania, properly endorsed, and payment of same was refused by said trust company for the reason that said trust company was restricted from paying outstanding checks in accordance with the Act of March 8, 1933, P. L. 9, known as the Sordoni Act, authorizing banks, with the approval of the Secretary of Banking, to restrict the payment of deposits; that other checks were drawn on said deposit on March 15, 1933, and on March 16, 1933; that on March 17, 1933, the plaintiff, through its secretary and duly authorized agent, R. E. Boswell, did transmit to the defendant written notice of said default together with a verified statement of the facts showing such default and the date thereof, which notice and verified statement were delivered to the defendant at its office in Baltimore, Md., on March 20, 1933; that the said Union Trust Company still holds and neglects and refuses to pay over to the plaintiff the sum of money deposited, as aforesaid, in excess of said $40,000. A copy of said bond and notice are attached to the plaintiff's statement as exhibits.

The affidavit of defense, in its various paragraphs, admits the execution of the bond but claims immunity from payment for the reason that the financial emergency, the enactment of the Sordoni Act by the General Assembly of the Commonwealth of Pennsylvania and the legal application of said Sordoni Act to the banking business of Union Trust Company of Pennsylvania, principal on said bond, "were not within the contemplation of Union Trust Company of Pennsylvania, as principal, the defendant, as surety, or the plaintiff, as obligee, at the said time at which the said agreement, contract, or bond was executed and delivered to plaintiff." Other paragraphs in the affidavit of defense raise the same question, except paragraph 7, which pleads that in addition to the said bond, Union Trust Company of Pennsylvania, depository, pledged its securities to the amount of $134,000 or more, to protect the plaintiff on any deposit or deposits plaintiff might make between about August 1, 1932, and August 1, 1933.

The plaintiff filed a motion for judgment for want of a sufficient affidavit of defense.

This case came on to be heard by the court en banc on plaintiff's statement of claim, defendant's affidavit of defense, and the plaintiff's motion for judgment for want of a sufficient affidavit of defense.

The Act of March 8, 1933, P. L. 9, referred to in the pleadings, provides, inter alia:

"Section 1. . . . That the Secretary of Banking is hereby authorized and empowered, in addition to all other powers, whenever in his judgment the circumstances warrant it, to authorize any bank, trust company, savings bank or other institution under his supervision, having the power to receive or receiving money on deposit: . . .

"(b) To postpone the payment of demand deposits for such time and to such extent as he deems necessary and expedient; . . .

"Section 2. In order that any institution may avail itself of the privileges herein granted, it shall accept such terms as the Secretary of Banking shall from time to time impose upon it."

It appears from the pleadings that the said Union Trust Company, by permission of the Secretary of Banking, accepted the provisions of the said act prior to March 14, 1933, and since that date has refused to pay to the School District of the City of Harrisburg the moneys then on deposit.

It is contended by the defendant that no legal demand was made or could be made, by reason of the application of the said Sordoni Act, and that all parties to the bond must have contemplated a legal demand, and must have contemplated that lack of legal demand would sustain the right of action against the defendant until a legal demand could be made, and that the provisions of the said Sordoni Act prevented a legal demand from being made upon the principal in the bond. We think this position is unsound and cannot be sustained.

Similar conditions existed in the case of Commonwealth ex rel. Schnader, Attorney General, v. United States Fidelity & Guaranty Co., 314 Pa. 140, in which case it appears that on April 15, 1929, appellant delivered its bond to the Commonwealth to enable Tulpehocken National Bank and Trust Company to comply with the provisions of the Administrative Code requiring State depositories to furnish a bond to secure payment of deposits and interest to the Commonwealth. In the instant case, the plaintiff requested Union Trust Company to furnish a bond to secure its deposits, as required by the School Code of 1911, and the defendant became security for the payment of said deposits as hereinbefore stated.

On August 22, 1933, the State Treasurer, in the United States Fidelity & Guaranty Company case, made a draft on the bank for the amount of the deposit, and the draft was not paid because the bank was in the hands of a conservator. In the instant case, checks of the school district upon Union Trust Company were refused for the similar reason that the bank was on restricted payments, as provided in the said Act of 1933 from which we have quoted. In the United States Fidelity & Guaranty Company case, the bond recited that the surety " '. . . holds itself bound as principal for any debt arising thereunder, in the amount aforesaid, and agrees to answer for the same without regard to and independently of any action taken against the Tulpehocken National Bank and Trust Company of Philadelphia, and whether the Tulpehocken National Bank and Trust Company is first pursued or not.' "

While the bond in the instant case is not in the same language, yet it obligates the defendant to pay if Union Trust Company does not pay any orders or checks issued upon the deposit of the plaintiff. Furthermore, in the United States Fidelity & Guaranty Company case it was held (p. 147):

"Payment was not illegal at all events, but only in consequence of the condition of the affairs of the bank resulting from its own management, a matter which must have been in the contemplation of the parties as an event insured against. Defendant gave its bond to protect the Commonwealth against non-

payment resulting from the condition of the bank; it is immaterial that an intermediate condition, short of a declaration of insolvency, has led to the seizure of its assets; the bond covers the less as well as the greater. If defendant pays and, in the future, the bank turns out to be solvent, defendant's right to subrogation will furnish reimbursement."

A similar condition exists in the instant case. It is immaterial, we think, that Union Trust Company is under restricted payment. The defendant in this case, while called a surety, is in fact an insurer: Commonwealth v. United States Fidelity & Guaranty Co., supra; in other words, it insured to the Harrisburg School District that, if Union Trust Company did not pay the money on deposit when requested to do so by check or order, that it, the defendant, would pay. We think these cases are similar and, for the reason expressed in the case from which we have quoted, we think the plaintiff is entitled to judgment for want of a sufficient affidavit of defense.

Referring to the other matter alleged in the affidavit of defense, it is averred, as we have before stated, that Union Trust Company had deposited with the plaintiff securities in excess of the sum of $134,000 to protect the plaintiff. The amount admitted by the defendant to be on deposit was $209,216.19. Subtracting therefrom the sum of $134,000 otherwise secured leaves a balance still due of $75,216.19, so that under the provisions quoted the amount of $40,000 due on the bond of the defendant would not be affected.

And now, April 30, 1934, it is ordered, adjudged, and decreed that judgment be entered in favor of the plaintiff and against the defendant in the sum of $40,000, together with interest at the rate of 6 percent from March 16, 1933, to the date of the filing of this opinion, to wit, April 30, 1934, amounting to $2,693, or a total of $42,693, together with the costs of this proceeding.

From Homer L. Kreider, Harrisburg, Pa.